UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DREANNA JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 08-cv-532 ) ) **JURY TRIAL DEMANDED** |
| NATIONAL CREDIT ACCEPTANCE, INC., a foreign limited liability company, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer arising out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff is a natural person and a resident and citizen of Mobile County, the State of Alabama, and of the United States.

4. Defendant National Credit Acceptance, Inc. (hereinafter referred to as "Defendant" or "National") is a foreign corporation engaged in the business of collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mail and telephone, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

5. On or around October 8, 2007, Defendant, by and through its collection agent Joe Hernandez (hereinafter "Hernandez"), contacted Plaintiff at her residence regarding Plaintiff's alleged overdue account. Hernandez advised Plaintiff that litigation had been initiated against her regarding this alleged debt.

6. On or around October 9, 2007, Plaintiff received a package delivered via Federal Express containing a letter from Defendant, signed by Hernandez, demanding the sum of approximately $6,000 on this alleged overdue account.

7. On or around October 12, 2007, while Plaintiff was on vacation, Hernandez contacted Plaintiff's mother regarding this alleged debt. Hernandez threatened Plaintiff's mother stating that her mother would lose her house if the matter was not promptly settled by Plaintiff. Moreover, Hernandez disclosed Plaintiff's private information to Plaintiff's mother without Plaintiff's knowledge or consent.

8. Subsequent to the incident in the foregoing paragraph, Plaintiff forwarded a letter to Hernandez demanding that he immediately cease contacting her regarding this alleged debt.

9. Hernandez continued to contact Plaintiff regarding this alleged debt.

10. Defendant's acts, by and through its agent, Hernandez, have caused Plaintiff to suffer headaches, nausea, embarrassment, severe emotional and mental distress, and to hire an

attorney to represent her in this matter.

## V.  COUNT ONE - VIOLATIONS OF THE FDCPA

11. Plaintiff restates and reiterates all previous paragraphs.

12. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692c(b) by contacting and/or attempting to contact a third party, the Plaintiff's mother, without Plaintiff's prior consent;

    b. Defendant violated 15 U.S.C. § 1692e(2)(A)(5) and (10) by misrepresenting the imminence of legal action;

    c. Defendant violated 15 U.S.C. § 1692c(c) by contacting Plaintiff after she had requested that Defendant cease all communication with Plaintiff; and

    d. Defendant violated the FDCPA by contacting Plaintiff in a harassing manner and using harassing techniques in an attempt to collect the alleged debt.

13. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment because of Defendant's violations of the FDCPA, and for actual damages, statutory damages, and costs and attorney's fees.

## VI.  COUNT TWO - NEGLIGENCE

14. Plaintiff restates and reiterates herein all previous paragraphs.

15. Defendant's acts, as described above, were done so negligently and without care or concern for the well-being of Plaintiff.

16. Defendant's negligent acts were purposeful to illegally coerce Plaintiff into paying the alleged debt.

17. As a proximate consequence of Defendant's negligence, Plaintiff has been caused to suffer

severe emotional and mental distress.

18. As a result of Defendant's unlawful acts, Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## VII.  COUNT THREE - HARASSMENT

19. Plaintiff restates and reiterates herein all previous paragraphs.

20. Defendant's acts, as described above, were done so intentionally and without care or concern for Plaintiff's well being.  Defendant's harassing collection tactics created a hostile environment for Plaintiff.

21. Defendant wrongfully exploited Plaintiff in an attempt to coerce her into paying the alleged debt.

22. Defendant's communications to Plaintiff were offensive and harassing.

23. As a proximate consequence of Defendant's harassment, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

## VIII.  COUNT THREE - INVASION OF PRIVACY

24. Plaintiff restates and reiterates herein all previous paragraphs.

25. Defendant's conduct, described herein above, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

26. As a direct and proximate consequence of Defendant's acts of invading Plaintiff's privacy, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief as against Defendant:

a) Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for the Defendant's violations of state common law claims;

b) Actual, compensatory, and punitive damages;

c) Statutory damages pursuant to 15 U.S.C. § 1692k;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

e) For such other and further relief as may be just and proper.

**JURY TRIAL DEMANDED**

**RESPECTFULLY SUBMITTED** this 10th day of September, 2008.

Keith Anderson Nelms (NEL022)
Attorney for Plaintiff
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066
Phone:	(334) 351-1770
Fax:	(334) 351-1774
Andynelms@andersonnelms.com
ASB-6972-E63K

Of Counsel:
ANDERSON NELMS & ASSOCIATES, LLC
Sterling Bank Building, Third Floor
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066

**THE DEFENDANT MAY BE SERVED AT THE FOLLOWING ADDRESS:**

National Credit Acceptance, Inc.
1731 Howe Ave. #254
Sacramento, CA 95825